| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br>**Donald Iwuchuku, Esq.**<br>**Law Offices of Donald Iwuchuku**<br>**21550 Oxnard St., 3rd Fl.**<br>**Woodland Hills, CA 91367**<br>**213.380.4144 Fax: 213.380.6061 / 888.441.8493**<br>**SBN: 181726**<br>**donaldiwuchuku@gmail.com**<br><br>☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br>   **Mayra Hernandez**<br>      **AKA Myra Hernandez**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER:<br><br>CHAPTER: 13<br><br> **CHAPTER 13 PLAN** <br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ 3rd Amended*<br>☐ _____ Amended*<br><br>*list below which sections have been changed<br>_____<br>[FRBP 3015(b); LBR 3015-1]<br><br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:<br>Time:<br>Address:    **21041 Burbank Bl., 1st Floor, Woodland Hills, CA**<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:<br>Time:<br>Address:    **21041 Burbank Bl., 3rd Fl., Woodland Hills, CA** |
|---|---|

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code. "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

**Part 1: PRELIMINARY INFORMATION**

**TO DEBTOR (THE TERM "DEBTOR" INCLUDES AND REFERS TO BOTH SPOUSES AS DEBTORS IN A JOINT BANKRUPTCY CASE):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*          Page  1          **F3015-1.01.CHAPTER13.PLAN**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1    Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3.A. and/or Section IV (11 U.S.C. § 506(a) and (d)):
☐ Included    ☑ Not included

1.2    Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):
☑ Included    ☐ Not included

1.3    Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:
☐ Included    ☑ Not included

1.4    Other Nonstandard Plan provisions, set out in Section IV:
☐ Included    ☑ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** Debtor, or Attorney for Debtor (if any), are solely responsible to object to a creditor's claim if Debtor deems it necessary. A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:
$ **797.81**    per month for months **1**    through **60**    totaling $ **47,868.60**    .
For a total plan length of **60** months totaling $**47,868.60**.

B. Nonpriority unsecured claims.

1. After Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata*. If more than one option is checked below, the option providing the largest payment will be effective. *Check all that apply*.

    a. ☐ **"Pot" plan:** The sum of $**0.00**

    b. ☑ **"Percentage" plan: 0**% of the total amount of these claims, for an estimated payment of $**0.00**.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 2    F3015-1.01.CHAPTER13.PLAN

    c. ☐ **"Residual" plan:** The remaining funds after disbursements have been made to all other creditors provided for in this Plan, estimated to pay $**0.00** equivalent to **0**% of these claims.

2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the following amounts: (a) the sum of $**450.00**, representing the value of non-exempt assets that would have to be paid to nonpriority unsecured creditors if the bankruptcy estate of Debtor were liquidated under Chapter 7 (11 U.S.C. § 1325(a)(3)) and (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $__**13,126.20**__, representing all disposable income payable for 60 months.

C. Regular Plan payments to the Chapter 13 Trustee will be made from future income in the following manner: *Check all that apply*.
☐ Debtor will make Plan payments pursuant to a payroll deduction order.
☑ Debtor will make Plan payments directly to the Chapter 13 Trustee.
☐ Other (*specify method of payment*):.

D. Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all income tax refunds in excess of $500 received during the Plan term.

E. In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

F. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

G. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

H. The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

I. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

J. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

K. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*  Page *3*  F3015-1.01.CHAPTER13.PLAN

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan or by court order, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A. ORDER OF PAYMENT OF CLAIMS:**

The order of the payments will be:

**1st**  Domestic Support Obligations, if any; the Chapter 13 Trustee's fee not exeeding the amount accrued on Plan Payments made to date; and Administrative expenses in the this case until paid in full.

**2nd**  Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims except as otherwise provided in this Plan.

**3rd**  Non-priority unsecured creditors will be paid pro rata except as otherwise provided in this Plan. <u>No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan</u>.

**B. CLASSIFICATION AND TREATMENT OF CLAIMS:**

# CLASS 1

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507
Class 1 claims will be paid pro rata in the order set forth in Section II.A. above.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| a. Administrative Expenses | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | $3,516.00 | | $3,516.00 |
| (3) Chapter 7 Trustee's Fees | | | |
| (4) Other | | | |
| (5) Other | | | |
| b. Other Priority Claims | | | |
| (1) Internal Revenue Service | | | |
| (2) Franchise Tax Board | | | |
| (3) Domestic Support Obligation | | | |
| (    ) Other | | | |
| c. Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) (*specify creditor name*): | | | |
| | | | |

# CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

Unless otherwise ordered by the court, the arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION MORTGAGE PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| **U.S. Bank Trust, N.A. as Trustee** | xxxxx1180 | $40,000.00 | 0.00 | $714.29 | $40,000.00 | ☐ Trustee<br>☑ Debtor |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                         Page 6                         **F3015-1.01.CHAPTER13.PLAN**

# CLASS 3A

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor proposes:

(1) **Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, and unless otherwise ordered by the court, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

   (a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3A should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

   (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

   (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraph 1.4 (indicating a nonstandard provision in Section IV.C.) and Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

   (b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

(2) **Taxes/insurance.** Debtor must pay all required ongoing property taxes and homeowner's insurance for real property paid in full in this class.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |

# CLASS 3B

## SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

# CLASS 4

## OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☑ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default ||||  ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | Trustee Debtor |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page  8    **F3015-1.01.CHAPTER13.PLAN**

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

### SEPARATE CLASSIFICATION:
***Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.***
- ☑ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

## CLASS 5B

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

## CLASS 5C

☐ **Maintenance of payments and cure of any default.** Debtor must maintain and make the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The claim for the arrearage amount will be paid in full as specified below and disbursed by the Chapter 13 Trustee.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE | Cure of Default | | |
| | | | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

## CLASS 5D

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE (if applicable) | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
| | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*            Page 9            **F3015-1.01.CHAPTER13.PLAN**

# CLASS 6

## SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

**Creditor Name:**                                              **Description:**

# CLASS 7

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____
          **Rejected**          **Assumed; cure amount (if any): $** _____

**Creditor Name:** _____

**Description:** _____
          **Rejected**          **Assumed; cure amount (if any): $** _____

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through the Chapter 13 Trustee.**

**Section III. PLAN SUMMARY**

| | |
|---|---:|
| **CLASS 1a** | **$3,516.00** |
| **CLASS 1b** | **$0.00** |
| **CLASS 1c** | **$0.00** |
| **CLASS 2** | **$0.00** |
| **CLASS 3A** | **$0.00** |
| **CLASS 3B** | **$0.00** |
| **CLASS 4** | **$0.00** |
| **CLASS 5** | **$0.00** |
| **CLASS 7** | **$0.00** |
| **SUB-TOTAL** | **$3,516.00** |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 10% unless advised otherwise) | **$4,351.80** |
| **TOTAL PAYMENT** | **$47,868.60** |

**Section IV. NON-STANDARD PLAN PROVISIONS**

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective</u>.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:**    -NONE-

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):**

**Name of Creditor Lienholder/Servicer:**    -NONE-

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):**

C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>. Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CONFRM and all related exhibits as instructed in that form.**

---

**DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN**

**TO CREDITOR LIENHOLDER/SERVICER**   -NONE-

Real property collateral (street address and/or legal description or document recording number, including county of recording:

(*attach page with legal description of property or document recording number as appropriate*).

Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

(1) discharge under 11 U.S.C. § 1328, or

(2) if the value of the "amount of remaining secured claim" listed below is "$-0-" then upon completion of all Plan payments.

Value of collateral: ............................................................................................ $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ ____ + $ ____ = .. ($ _____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):....................... ($ _____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................ $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

D. **Other Non-Standard Plan Provisions: (*use attachment, if necessary*):**

**V. REVESTING OF PROPERTY**

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: **December 21, 2017**

/s/ Donald Iwuchuku, Esq.
**Donald Iwuchuku, Esq. 181726**
Attorney for Debtor(s)

**Mayra Hernandez**
Debtor 1

Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page *13*    **F3015-1.01.CHAPTER13.PLAN**

## ATTACHMENT A TO CHAPTER 13 LAN/CONFIRMATION ORDER
**(11 U.S.C. §§ 506: VALUATION/LIEN AVOIDANCE BY SEPARATE MOTION(S))**

☑ **None.** *If "None" is checked, the rest of this Attachment A need non be completed.*

1. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2nd Lien on 123 Main St.): _____

2. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.): _____

3. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.): _____

4. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2nd Lien on 123 Main St.): _____

5. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.): _____

6. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.): _____

7. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2nd Lien on 123 Main St.): _____

8. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.): _____

9. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.): _____

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date)   **December 21, 2017**

Print name:   **Donald Iwuchuku, Esq. 181726**
☑ Attorney for Debtor or   ☐ Debtor appearing without attorney

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date: December 21, 2017

/s/ Donald Iwuchuku, Esq.
Donald Iwuchuku, Esq. 181726
Attorney for Debtor(s)

Mayra Hernandez
Debtor 1

Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017    Page 13    F3015-1.01.CHAPTER13.PLAN